**No. 25-3903**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

MENG HUANG,

*Plaintiff-Appellant*,

v.

THE OHIO STATE UNIVERSITY, ET AL.,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Southern District of Ohio
No. 2:19-cv-01976
Hon. Sarah D. Morrison

# APPELLANT MENG HUANG'S REPLY BRIEF

Bruce C. Fox
bruce.fox@obermayer.com
Andrew J. Horowitz
andrew.horowitz@obermayer.com
Daniel McArdle Booker
Mcardle.booker@obermayer.com
Obermayer Rebmann Maxwell & Hippel LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
Tel: (412) 566-1500

*Attorneys for Appellant Meng Huang*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii
INTRODUCTION ........ 1
ARGUMENT ........ 1
CONCLUSION ........ 5
CERTIFICATE OF COMPLIANCE ........ 7
CERTIFICATE OF SERVICE ........ 8

# TABLE OF AUTHORITIES

## Cases

*Beck v. Haik*, 377 F.3d 624 (6th Cir. 2004) .......... 2
*Hance v. Norfolk S. Ry.*, 571 F.3d 511, 520 (6th Cir. 2009) .......... 5
*Laney v. Celotex Corp.*, 901 F.2d 1319, 1320 (6th Cir. 1990) .......... 2
*Szeinbach v. Ohio State Univ.*, 820 F.3d 814, 825 (6th Cir. 2016) .......... 3

## INTRODUCTION

Appellees' brief confirms rather than cures the errors requiring reversal. Instead of confronting the central defects in the district court's rulings, Appellees largely recast them: they blur the legally significant distinction between a putative employer's right to control and its actual control over Huang's work; minimize the exclusion of critical evidence bearing directly on notice, institutional response, and credibility; and defend a damages ruling that demanded proof Huang could not realistically have obtained after Appellees' retaliation delayed her degree and career. None of those arguments supplies a valid basis to affirm.

The reply therefore focuses on what Appellees leave unanswered. The district court reduced the *Darden/Bryson* inquiry to an unduly narrow conception of control, excluded a campus climate survey that would have helped the jury evaluate OSU's knowledge and response, and treated Huang's lost earnings as speculative only by imposing an impossible evidentiary burden. Because each ruling affected the fairness of the trial and the relief available to Huang, the judgment should be reversed and the case remanded for a new trial.

## ARGUMENT

### A. Appellees fail to address the district court's key omissions

Appellees' brief is most notable for what it fails to address. Appellees do not address Appellant's central argument that the district court improperly conflated the question of whether OSU and Rizzoni had the right to control Huang's work with the question of whether they actually did and boiled the *Darden/Bryson* multifactor analysis down to a single question of control. (*See* Appellant Br. p. 17). This is plain error, shown by the confusion evident from the jury's question, which Appellees also failed to address (*See* Appellant Br. p. 20). Instead, Appellees claim that this Court also conflated the right to control with actual control at times in its prior ruling. Even if this were true, however, it does not mean that the Trial Court was free to ignore the distinction.

**B. The district court erred in excluding the campus climate survey**

Appellees argue that *Beck v. Haik*, 377 F.3d 624 (6th Cir. 2004) is inapposite to the campus climate survey because the court reversed for multiple evidentiary errors while Appellant seeks reversal for the exclusion of a single, critical piece of evidence. Regardless, there is precedent in this Circuit for reversal in a civil case for failure to admit a single line of testimony. *See Laney v. Celotex Corp.*, 901 F.2d 1319, 1320 (6th Cir. 1990) (reversing solely because the district court failed to admit testimony regarding the asbestos fiber content of certain products that the plaintiff was exposed to). The fact that this Court identified multiple errors in *Beck*, in short, does not make each of those errors any less an error taken individually, and *Laney*

shows that there is no requirement that a Trial Court commit some minimum number of errors in order to merit reversal.

### C. The district court held Huang's damages to an impossible standard

Appellees fail to explain why Huang's damages were speculative—they just say that the district court was correct to hold that they were. *Szeinbach* is distinguishable. In *Szeinbach*, the plaintiff was involved in early recruiting discussions with two other employers but did not pursue them because she was "happy" with her current employment. *Szeinbach v. Ohio State Univ.*, 820 F.3d 814, 825 (6th Cir. 2016). The Court found that it was too speculative based on this testimony by Szeinbach to find that she would have been hired in such a position at another university absent the discrimination. *Id.* By contrast, Huang testified that she was offered a position at Ford Motor Company, which she declined because she feared Rizzoni's influence at Ford:

> Q. Okay. Why did you reject the offer letter?
>
> A. It wasn't an easy decision to make. Actually, it's hard, and I struggled on it, and I -- I really liked to work for Dyche Anderson. I mean, I enjoyed, you know, the working experiences, the working relationship we had developed on the project. But, also, I fear very much Professor Rizzoni's influence at Ford. He has been reinstated -- you know, despite my report to OSU -- has been reinstated and has ongoing active projects and collaborations with Ford by the time I graduated and when the offer was made to me. So it's -- it's difficult decision to make. I really like to work with Mr. Dyche Anderson on the project. I think he would be, like, an excellent mentor for me. And the Ford Motor Company is a great company. It has a lot of resources, knowledge in this field. It's great learning and growing, like, platform and environment for me. I really love it. But think -- just think about like Professor Rizzoni has

> still ongoing projects and so many contacts and still active, I -- I just don't like the feeling I have to look over my shoulder, and it's just scary. So as much as I like to work with Dyche, I do not want to carry that weight, you know, having this influence into my future career, so -- so I have to rejected that one.

(Tr. Vol II, p. 356:23-357:22, Page ID # 10205-10206). It was therefore not speculative that she would have been offered a job at Ford: she was offered a job at Ford. Instead, what the district court found to be speculative was Huang's assertion that she would have been able to earn a salary in some position for the eighteen months that her graduation was delayed due to Rizzoni's retaliation. (Trial Vol. VII, R. 325-6, Page ID # 10991-10997). In other words, the district court found it speculative that a similar position would have been available to Huang either at Ford (where she was offered a position). at TAE (where she ultimately secured employment following graduation), or elsewhere eighteen months earlier. *Id.*

The district court therefore placed an impossible burden on Ms. Huang: that she secure a job offer for a Ph.D.-level engineer position in the spring of 2018 despite not having her Ph.D. and knowing that she would not have it for another eighteen months. Unlike in *Szeinbach,* there is no want of diligence by the Plaintiff. Huang could have secured such an offer, as she did not meet the minimum qualifications for such a position in 2018. The district court might as well have found that a law school graduate who was wrongfully prevented from taking the bar exam nonetheless find employment as an attorney or be found to have suffered only speculative harms. Therefore, even if Huang were to somehow go back in time to

secure more evidence, there is no evidence that could possibly satisfy the district court's exacting standard. *See Hance v. Norfolk S. Ry.*, 571 F.3d 511, 520 (6th Cir. 2009) ("Backpay should be awarded even where the precise amount of the award cannot be determined. Any ambiguity in what the claimant would have received but for discrimination should be resolved against the discriminating employer" (internal quotations omitted)).[1]

## CONCLUSION

Appellees have produced a significant weight and length of argument in this appeal, which only underlines the fact that, in all of that argument, they are unable to respond to the key question of the conflation of Appellees' right to control and actual control of Huang's work. Neither do they present any explanation of how Huang's damages could be regarded, as the district court found, as speculative. Finally, they present an implicit argument that there must be some unstated number of errors by a trial court before they become reversable. These are not supportable propositions and are not supported by the record, and Appellant Meng Huang asks that this Honorable Court reverse and remand for a new trial.

---

[1] Appellees argue that this error is harmless because the jury did not reach the issue of damages. In addition to the juror confusion that the district court's ruling likely created (discussed in Appellant's original brief), any retrial would necessarily implicate the question of whether Plaintiff's evidence of economic damages is sufficient.

Date: August 17, 2026

*<u>/s/D. McArdle Booker, Esq.</u>*
Bruce C. Fox
bruce.fox@obermayer.com
Andrew J. Horowitz
andrew.horowitz@obermayer.com
D. McArdle Booker
mcardle.booker@obermayer.com
Obermayer Rebmann Maxwell &
Hippel LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
Tel: (412) 566-1500

*Attorneys for Appellant*
*Meng Huang*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C) I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1330 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(ii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word, Times New Roman 14-point font.

Date: August 17, 2026

*/s/D. McArdle Booker*
D. McArdle Booker
*Attorney for Appellant Meng Huang*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: August 17, 2026

*/s/D. McArdle Booker, Esq.*
D. McArdle Booker